WRIT NUMBER: WIO-19503-H

W10-19502-H(A)    WR-82,563-02

WR-82,563-01

IN THE

OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

EX PARTE

ARMANDO FERMIN SOTO

APPLICANT

## APPLICANT'S REQUEST FOR FACTS, FINDNIGS AND CONCLUSIONS OF LAW ON THE ISSUES DESIGNATED BY THE TRIAL COURT.

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

Applicant asks the court to order the Trial Court to provide facts findings and conclusions of law on the issues designated in its written order. Alternatively, Applicant asks this Court to designate the issue and order the resolution.

A.    INTRODUCTION

The Applicant is Armando Fermin Soto; Respondent is the State of Texas, by and through the Dallas County District Attorneys office.

Applicant seeks the issuance of facts, findings and conclusions of law in the issue designated by the trial court.

## B. FACTS

A jury convicted Applicant of the offense of intoxication manslauthter and sentenced him to twenty years' confinement in the Texas Department of Criminal Justice. His conviction was affirmed by the court of Appeals in an unpublished opinion. (See No.05-11-01062-CR, Soto v. State)

Applicant in three separate grounds for relief asserted that he was deprived of the right to a meaningful appeal. Specifically he claimed that his Appellate Counsel filed an Anders brief which was accepted by the Dallas Court of Appeals. (Anders v. California, 386 U.S. 738 (1967)). When an attorney files an Anders brief the appellant is given an opportunity to file a pro se brief. Applicant did not receive notice of the brief, and the opportunity to file a pro se brief in a timely manner due to Appellate counsel's error's. (Appellate counsel mailed the notice to him at a unit to which he was not assigned, and failed to properly identify him with his correct TDCJ number).

The State in their response to the application for writ of habeas corpus stated:

> In the interest of justice, the State requests that this court gather evidence by way of affidavit from Applicant's defense counsel or TDCJ mailroom records regarding Applicant's appeal. If the Court finds that Applicant was deprived of the right to file a pro se brief, the State requests that Applicant be granted a new appeal in the form of the opportunity to file an out-of-time pro se brief...

On July 7, 2014, the Trial Court signed an order designating issues stating that there were controverted, previously unresolved issues material to the legality of the Applicant's

confinement exist. Specifically, "whether Applicant received notification from the Court of Appeals that his attorney filed An Anders Brief and that the deadline for requesting the record had been set."

Upon the designation this issue Applicant filed two seperate requests for the appointment of counsel, both were unanswered. On December 2014, Applicant received notification from the court of Criminal Appeals that his writ had been received and presented to the court.

## C.   ARGUMENT & AUTHORITIES

"[When] the convicting court decides that there controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 day of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the court may order affidavits, depositions, interrogatories... and hearings.... the convicting court may appoint an attorney or magistrate to hold a hearing and make findings of fact... It shall be the duty of the reporter woh is designated to transcribe a hearing held pursuant to [article 11.07] to prepare a transcript within 15 days of its conclusion. Tex. Code Crim. Proc. 11.07, sec. 3(d).

This applicant has never received any resolution from the Trial court, an attorney or magistrate on the issue designated.

Applicant asserts that the court was required to notify him of the resolution of the issue via findings of fact, and

conclusions of law. Applicant asks the court to forward to him any resolution filed by the Trial court related to the issue designated.

Alternatively, Applicant asks the Court to re-designate the issue as to whether applicant was properly notified of his opportunity to file a pro se brief on appeal.

## D.   PRAYER

For all of these reasons, Applicant prays the court order the resolution of the issue.

Respectfully submitted,

Armando F. Soto
1740241-Coffield Unit
2661 F.M. 2054
Tennessee Colony, Tx 75884
